EASTERN DIST.
*May*, 1839.

CROOKE ET AL.
*vs.*
RUTHERFORD
AND METCALF.

---

CROOKE ET AL. *vs.* RUTHERFORD AND METCALF.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE BUCHANAN PRESIDING.

The affidavit necessary to obtain an attachment for a debt *not due*, must be special, according to the act of 1826, and the creditor or his agent must swear that the " debtor is about to remove his property out of the state, before the debt becomes due."

The agent of the plaintiffs obtained an attachment against certain property of the defendants in the city of New-Orleans, on the following affidavit :

' Personally appeared, Leo Delbanco, agent of William T. Crooke & Co., and made oath that Rutherford & Metcalf, are justly indebted to said firm in the sum of seven thousand dollars, and that they reside permanently out of the state of Louisiana, wherefore, he prays, that an attachment may issue against the goods, etc., of said Rutherford & Metcalf."

The defendants' counsel took a rule on the plaintiffs, to show cause why the attachment should not be dissolved, on several grounds, but principally on the insufficiency of the affidant.

The following judgment was pronounced on the rule :

EASTERN DIST.
*May,* 1839.

CROOKE ET AL.
*vs.*
RUTHERFORD
AND METCALF.

" This suit is instituted for the amount of sundry notes of hand, stated in the petition at seven thousand dollars. No particular description of the notes are given, but they are referred to, as annexed to the petition.

The plaintiffs, however, have only annexed to their petition three notes, of which the aggregate amount is only one thousand four hundred and sixty dollars and sixty-five cents. One of these notes for the sum of four hundred and eighty-six dollars and eighty-nine cents is not due.

The Code of Practice only provides for attachments for debts which are due, article 240. The article 243, prescribes the form of the oath. An amendment of the Code of Practice, made on the 7th April, 1826, allows attachments to be issued for the securing of *debts not yet due,* but prescribes in such case a form of oath essentially different from that required by the Code of Practice, in the case of debts, of which the term has expired. The agent of plaintiffs has, however, only made the latter oath. This attachment must, therefore fall so far as regards all that portion of the claim of plaintiffs not yet due. What may be the precise amount of that portion, the present state of the pleadings does not enable me to say; I must, therefore, make use of the power vested in me by the amendment in 1826, of the 173d article of the Code of Practice, and order the other notes upon which the demand is founded, to be filed within a reasonable delay."

The rule was made absolute, and it was ordered that the power of attorney under which the agent acted, be filed in ten days; that all the notes sued on be filed within that time, and in default thereof, that the suit be dismissed. The plaintiffs appealed.

*Wolfe,* for the plaintiffs.

*F. B. Conrad, contra.*

*Rost, J.,* delivered the opinion of the court.

The plaintiffs, upon the oath of their agent, that the defendants owed them the sum of seven thousand dollars, and that the said defendants resided permanently out of the state, sued out a writ of attachment under which certain moveables of the defendants were attached.

EASTERN DIST.
May, 1839.

The defendants came into court and took a rule upon the plaintiffs to show cause why the attachment should not be dissolved, on the ground that the sum claimed by the plaintiffs was not due as alleged, and on several other grounds not necessary to mention. It appeared on the trial of the rule, that the sum claimed was made up of several promissory notes, the greater part of which were not due at the time the suit was instituted. The District Court dissolved the attachment upon all the notes not due, and the plaintiffs appealed.

They can receive no relief from us, and had no reasonable grounds to expect it. The act of 1826 has prescribed the affidavit necessary in all cases where the debt is not yet due. The plaintiffs have failed to bring themselves within the provisions of that statute.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.